IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GREGORY D. JENNINGS, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-09-399-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

## OPINION AND ORDER

Plaintiff Gregory D. Jennings (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 23, 1962 and was 46 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant worked in the past as an electrician and mechanic. Claimant alleges an inability to work beginning November

23, 2004, due to back, left knee, and right hand problems as well as asthma and depression.

## Procedural History

On June 9, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 4, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On October 1, 2008, the ALJ issued an unfavorable decision. On August 25, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to: (1) properly consider the opinions of Claimant's treating physician and

4

give it the appropriate weight; and (2) conduct a proper credibility analysis.

## Treating Physician's Opinions

Claimant contends the ALJ failed to consider the opinion of Dr. Joel W. Anderson, III, who he characterizes as his treating physician. Defendant contends Dr. Anderson was not a treating physician and, therefore, his opinions were not entitled to controlling weight.

Dr. Anderson attended Claimant on October 12, 2007, February 21, 2008, June 19, 2008, July 10, 2008, and July 25, 2008. All of the appointments entailed gastric problems for which Dr. Anderson prescribed pain medication. (Tr. 571-72, 573-74, 575-76, 591-92, 593-94). On July 25, 2008, Dr. Anderson completed a document entitled "Questionnaire Regarding Gregory D. Jennings." Dr. Anderson stated Claimant suffered from chronic back pain with very limited range of motion in both knees, numbness in his right leg that tingles, good strength in his left hand with a pin in his right hand which has less strength. Dr. Anderson opined that Claimant needs to rest after walking for 40-45 minutes and that fatigue sets in after working for 40-45 minutes. He reported Claimant suffered from constant back and knee pain, that his balance was good except for uneven ground and that Claimant

experienced problems with his gait. Dr. Anderson found Claimant could only work 2 hours per day, was required to lay down periodically through the day to relieve pain and needed to alternate positions frequently to relieve pain. He limited Claimant to sitting for 1 hour in an 8 hour workday, standing and walking to 1 hour in an 8 hour workday, lifting/carrying 5 pounds, and continuous limitation on Claimant's ability to bend, squat, crawl, crouch, climb, stoop, and kneel. (Tr. 569).

Dr. Anderson also found Claimant's condition would interfere with his ability to engage in work that required a consistent pace of production and that his impairments caused and "extreme" limitation in his ability to concentrate. Claimant's pain was characterized as "chronic and continuous" which would require him to be absent from his job "more than three times a month." (Tr. 570).

In his decision, the ALJ did not consider Dr. Anderson's opinions. Defendant contends Dr. Anderson was not a treating physician because he attended Claimant on issue related only to his gastric problems and not the orthopedic conditions on which he rendered an opinion in his statement of July 25, 2008. This Court notes that Dr. Anderson considered Claimant's "backache unspecified" together with "esophageal reflux" in the October 12, 2007, February 21, 2008, and June 19, 2008 visits. He prescribed

6

Lortab for the back condition in the second appointment. (Tr. 576, 592, 594). This treatment is probably sufficient to establish Dr. Anderson as a treating physician under the regulations. 20 C.F.R. §§ 404.1502, 404.1527(d)(2). However, event if Dr. Anderson's treatment history is insufficient to provide an opinion as a treating physician as to Claimant's orthopedic limitations, the ALJ was still required to consider every medical opinion. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). On remand, the ALJ shall (1) determine whether Dr. Anderson was a treating physician under the regulations; (2) state the appropriate weight he afforded his opinions; and (3) provide an explanation for the acceptance or rejection of the opinion.

Claimant also asserts that the ALJ improperly rejected the opinion of another of his treating physicians, Dr. Vanessa Werlla, a psychiatrist. Dr. Werlla completed a Mental Status Form on Claimant on February 1, 2008. She found Claimant suffered from severe depression and anxiety. He was noted to have severe difficulty in public areas around many people, that he was isolated at times, and he was nervous. (Tr. 369). Dr. Werlla stated she believed Claimant could remember, comprehend and carry out simple instructions but was "not sure" he could do so with complex instructions. (Tr. 369-70).

Dr. Werlla also completed a Mental Residual Functional

7

Capacity Assessment form on Claimant on February 13, 2008. Dr. Werlla determined Claimant had marked limitations in the areas of the ability to maintain attention and concentration for extended periods, the ability to perform activities within a schedule, the ability to work in coordination with or proximity to others without being distracted by them, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the ability to ask simple questions or request assistance, and the ability to travel in unfamiliar places or use public transportation. (Tr. 372-73).

In his decision, the ALJ determined Dr. Werlla was a treating source but that her opinions were entitled to something less than controlling weight. The ALJ found Claimant testified that he was functioning at a higher level than indicated by Dr. Werlla in that he stated his physical problems kept him from working, not his depression. (Tr. 14). He also determined that Dr. Werlla's opinion could not be given controlling weight because it conflicted with treatment records from CREOKS. (Tr. 15). The only reference to the CREOKS records made by the ALJ was a statement that Claimant had never sought treatment for his depression before August 26, 2006 and that Claimant made the same statement at a July 18, 2007 visit. (Tr. 14).

8

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support

or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ regurgitates these factors but ultimately determines that Dr. Werlla's opinions conflict with the CREOKS records without citing to anything specific within those records. The only mention of CREOKS in the opinion was an apparent attempt to challenge Claimant's credibility in that he gave two dates as to when he first sought treatment for his depression. This does not provide the specific information needed for this Court to evaluate the ALJ's rejection of a treating physician's opinion. On remand, the ALJ shall specifically identify the evidence in the medical record which directly conflicts with Dr. Werlla's findings of limitation. Claimant's impression that his main problem was physical rather than depression does not satisfy this requirement.

10

### Credibility Determination

As stated, the ALJ did not properly consider the opinions of Claimant's treating physicians. He also, at least in part, rejected Claimant's credibility based upon the fact his treating physicians did not place any limitations upon his activities. On remand, the ALJ shall re-evaluate his rejection of Claimant's testimony in light of the limitations placed upon him by this treating physicians.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE