IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GREGORY D. JENNINGS, )
                     )
          Plaintiff, )
                     )
v.                   )    Case No. CIV-09-399-KEW
                     )
MICHAEL J. ASTRUE,   )
Commissioner of Social )
Security Administration, )
                     )
          Defendant. )

## OPINION AND ORDER

This matter comes before this Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy M. White, the attorney for Plaintiff, on December 16, 2011 (Docket Entry #30) and Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed May 23, 2011 (Docket Entry #28). Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $16,516.60. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In this case, Counsel filed this case on behalf of Plaintiff and filed the initial brief-in-chief on the issues relevant to the appeal and a reply brief. On remand, Plaintiff was successful, received a fully favorable decision from Defendant, and was awarded benefits. Plaintiff was awarded attorneys' fees in accordance with

the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $5,648.70.

Based upon the Notice of Change in Benefits issued by Defendant on October 17, 2011 and the amount of fees withheld by the Social Security Administration, Plaintiff was awarded past due benefits in the total amount of $66,066.40. Defendant requests that counsel be required to submit information regarding his intent to seek § 406(a) fees. This should not bear upon the reasonableness of the § 406(b) fees at this time so an award is not precluded without this information. Defendant also requests an order stating that, since the minor, D.R.J. has reached the age of majority and may have an independent entitlement to past due benefits, that the fee contract with counsel obligates D.R.J.'s past due benefits. Additionally, since counsel seeks fees for both D.R.J.'s claim and Plaintiff's claim, the fee should be apportioned between the two claims. This request is appropriate and will be granted.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). <u>Wrenn v. Astrue</u>, 525 F.3d 931, 937-938 (10th Cir. 2008). The only

condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant does not take a position on awarding the amount requested but does advise this Court of its obligation to make an "independent check" as to the reasonableness of the award. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. Moreover, Defendant's stated concern that Counsel have been compensated by EAJA is allayed by the fact Counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Thus, counsel will be required to make the refund.

Defendant also provides authority in his brief which stands for the propositions that a claimant's attorney may not recover fees under § 406(b) for preparation of a fee request and services performed outside of federal court. However, Defendant does not indicate Counsel have improperly sought compensation for either of these items.

Defendant also rightly asserts a § 406(b) request must be filed within a reasonable time. In seeking an award under §

3

406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notices of Change of Benefits were issued by Defendant on October 17, 2011. Counsel filed the subject Motion on December 16, 2011. Although the Motion should have stated the precise date counsel received the Notice, this Court cannot find the time passage between the date of the Notice and the filing of the Motion to be so unreasonable so as to deny counsel fees.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy M. White, the attorney for Plaintiff, on December 16, 2011 (Docket Entry #30) and Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed May 23, 2011 (Docket Entry #28) are hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $3,554.25 from D.R.J.'s past due benefits and $12,962.35 from Plaintiff's past due benefits and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d

4

575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 3rd day of April, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE